Page 1 of 2

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

AUBREY MINOR,
    Plaintiff,

vs.                                          Case No.: 3:05cv485/RV/EMT

CONDOLLEEZA RICE,
    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate of the Florida penal system proceeding pro se, initiated this 42 U.S.C. § 1983 action by filing a complaint on December 5, 2005 (Doc. 1).

The court takes judicial notice of three cases previously filed by Plaintiff in the United States District Court for the Middle District of Florida, Case Nos. 3:98cv835/HES, 3:99cv329/RWN, and 8:01cv1638/SCB, which have been previously dismissed by the district court as frivolous and for failing to state a claim upon which relief may be granted.[1]  Plaintiff was incarcerated at the time of filing each of those cases.

Pursuant to the "three strikes" provision of the Prison Litigation Reform Act:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  Plaintiff's status as a "three striker" has been recognized by the United States District Court for the Southern District of Florida in <u>Minor v. Florida Dep't of Correction</u>, Case No. 1:00cv1390 (S.D. Fla. June 20, 2000).

---

[1] The inmate number of the plaintiff in those cases (223757) is the same as Plaintiff's.

In the instant complaint, Plaintiff appears to allege Defendant Rice, the Secretary of State for the United States of America, is using "witchcraft" stolen from Plaintiff to fulfill her duties as Secretary of State (Doc. 1 at 7). Plaintiff claims that this conduct violates "genera[l] conventions, bi-laws and laws" (*id*. at 8). As relief, Plaintiff seeks "In awards collectively. Whereas bring restore zeal toward life. Restore deprived mind am been host agaist [sic]" (*id*.).

This court concludes that Plaintiff has failed to meet the imminent injury requirement of section 1915(g) as he alleges no facts suggesting he is under imminent danger of serious physical injury. Because Plaintiff did not pay the $250.00 filing fee at the time he submitted this civil rights action, and because it plainly appears that Plaintiff is not entitled to proceed in forma pauperis, this case should be dismissed. Leave should not be provided to allow him to pay the fee; rather, dismissal is required if a "three striker" does not pay the filing fee at the time he submits the complaint. Dupree v. Palmer, 284 F.3d 1234 (11th Cir. 2002). Dismissal should be without prejudice to Plaintiff's initiating a new cause of action accompanied by payment of the $250.00 filing fee in its entirety.

Accordingly, it is respectfully **RECOMMENDED**:

That pursuant to 28 U.S.C. § 1915(g), this cause be **DISMISSED WITHOUT PREJUDICE** to Plaintiff's initiating a new cause of action accompanied by payment of the $250.00 filing fee in its entirety.

At Pensacola, Florida, this 30th day of December 2005.

/s/ Elizabeth M. Timothy
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).